UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAISY MILLER,

      Petitioner,

v.                              Case No. 5:22-cv-180/TKW/MAL

KEVIN D. PISTRO,
WARDEN, F.C.I. MARIANNA

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a counseled petition for writ of habeas corpus on September 5, 2022, raising two grounds for relief. She sought (1) an order compelling the Bureau of Prisons (BOP) to cease from requiring her to have served 50% of her sentence to qualify for Home Confinement (HC) under the CARES Act and (2) an order compelling the BOP to "properly review and consider Petitioner for release to HC under the CARES Act." ECF No. 1 at 3.

Respondent moved to dismiss the petition claiming Petitioner did not exhaust her administrative remedies and the Court did not have jurisdiction over her claims. ECF No. 11. Petitioner responded in opposition and filed notices of supplemental authority. ECF Nos. 14, 15, 16.

The BOP website reflects Petitioner is no longer incarcerated at F.C.I. Marianna, but that she is now supervised by the Residential Reentry Management (RRM) field office in Miami Florida. *See* https://www.bop.gov/inmateloc// and https://www.bop.gov/locations/ccm/cmm/. BOP officials have confirmed Petitioner was furlough transferred from FCI Marianna on May 31, 2023, and placed on Direct Home Confinement under the Cares Act on the same day, where she remains under the supervision of the RRM Office in Miami. Thus, the claims in her petition appear moot because Petitioner has obtained the relief requested.

On June 29, 2023, the undersigned entered an order directing Petitioner, who is still represented by counsel, to show cause within seven days from the date of this order why the petition should not be dismissed as moot. The order further instructed that if Petitioner agreed that the petition is moot, she should file a notice of voluntary dismissal. The deadline has elapsed, and Petitioner has failed to respond, either with an argument that the petition is not moot or by filing a notice of voluntary dismissal. Notwithstanding her failure to respond, with no case or controversy remaining, the petition should be dismissed as moot. *See Djadju v. Vega*, 32 F.4th 1102, 1108-09 (11th Cir. 2022) (dismissing case as moot because "prayer for relief has been satisfied."),

Accordingly, it is respectfully RECOMMENDED:

1.    The petition for writ of habeas corpus (ECF No. 1) be DISMISSED as

      moot.

2.    Respondent's Motion to Dismiss (ECF No. 11) be DENIED as moot.

3.    The clerk be directed to close the case file.

At Gainesville, Florida on July 10, 2023.

                                   s/ *Midori A. Lowry*
                                   Midori A. Lowry
                                   United States Magistrate Judge


## NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations must be filed
within fourteen (14) days of the date of the report and recommendation. Any
different deadline that may appear on the electronic docket is for the court's internal
use only and does not control. An objecting party must serve a copy of its objections
upon all other parties. A party who fails to object to the magistrate judge's findings
or recommendations contained in a report and recommendation waives the right to
challenge on appeal the district court's order based on unobjected-to factual and
legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.